O’Neall J.
delivered the opinion of the Court.
The case of the State v. Sonnerkalb, 2 N. & M. 280, is, it appears to me an exactly analogous case to the present: and I *50 confesas, that 1 am unable to draw any substantial distinction between them. The defendant in that case was convicted of retailing without a license, and of trading with a negro ; both offences were consummated by the same act, to wit, the sale of spirituous liquors for corn. The Court held, that the conviction for retailing was not a bar to the indictment for trading with a negro.
Acts of 1817,
Thompson, solicitor, for the motion.
J. J. Caldwell, contra.
In the case before us, it is demonstrable, that two distinct offences were committed. To constitute the offence of trading with a negro without a ticket from his owner or employer, it is only necessary to shew a buying from, or selling to, a slave, and ;s complete. The offence of receiving stolen goods from a slave, consists in receiving them either as a purchase, gift, Or deposit, knowing them to be stolen. The proof is different in both offences. You may convict for one, and be unable to make out the other. If an offence is necessarily included in another— so that the proof offered in one must be necessarily adduced to make out the other, then a conviction of the higher, including the minor offence, would be a bar to an indictment for it. But I am not prepared to say that a conviction for the minor, would be a bar to an indictment for the greater offence. Test this case by the rule which I have suggested, and it willbe found that the offence of trading with a negro without a ticket from his owner or employer, does not necessarily include the offence of receiving stolen goods from a slave, knowing them to be stolen ; nor does the latter necessarily include the former; for there may be a trading without receiving stolen goods, and there may be a receiving of stolen goods without a trading: — The same proof is not required. The same evidence in this case which was necessary in that for trading with a negro, cannot convict the defendants. It must go two steps further — 1st. The goods must be shewn to have been stolen, and 2d. the defendant’s scienter of that part must be established. I am therefore satisfied that the plea in bar ought not to have been sustained, and the motion to reverse that decision is granted.
Motion granted.